IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARITY A. SIMONEAU,

    Plaintiff,

vs.

Case No. 06-1176-JTM

MICHAEL J. ASTRUE, Commissioner of Social Security

    Defendant.

MEMORANDUM AND ORDER

Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412, made payable to Parmele Law Firm. Plaintiff's motion requested an award of $4,008.00, representing 25.05 hours work at a rate of $160.00 per hour. In its response, the defendant did not object to the amount to be awarded. However, the defendant contends that the EAJA only permits an award of attorney fees to "a prevailing party" and thus does not permit an award directly to counsel. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff subsequently filed an amended motion for attorney fees, seeking recovery of $4,448.00, reflecting 27.80 hours of work at a rate of $160 per hour. (Dkt. No. 22, Exh. 1). Although plaintiff also subsequently entered a reply on the issue of payment to counsel which concluded by "request[ing] that the court enter an order specifically awarding attorney fees of $4,008.00," (Dkt. No. 23, at 20), The court interprets this as an oversight, and notes that the defendant has filed no

objection to the slightly higher figure provided in the amended motion, and the court finds that the requested fee of $4,448.00 is a reasonable fee for the work in the present case.

The defendant cites *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) and *Evans v. Jeff D*. 457 U.S 717, 731 n. 19 (1986) (noting majority view of the Courts of Appeals that fee awards under § 1988 belong to the prevailing party rather than counsel). The plaintiff responds that *Venegas* dealt with an award of fees under 42 U.S.C. § 1988, and is not applicable. The reply further stresses that *Venegas* recognized the prevailing "party's right to waive, settle, or negotiate that eligibility…" *Venegas* at 495 U.S. at 82.

However, defendant also cites *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006), which dealt explicitly with EAJA awards, and indicated that EAJA awards are distinguished by their payment to the client rather than counsel, in contrast to fee awards under the Social Security Act (SSA):

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. See id.; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir.1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. See 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

450 F.3d at 497.

Following *McGraw*, both the undersigned, *Dewey v. Astrue*, No. 03-1385-JTM, 2007 WL

2013599 (D. Kan. July 9, 2007) and Judge Crow, *Williams v. Astrue*, No. 06-4027-SAC, 2007 WL 2582177 (D. Kan. Aug. 28, 2007), have held that the proper procedure in EAJA fee awards is to order an award of fees payable to the claimant, rather than to the claimant's counsel.

IT IS ACCORDINGLY ORDERED this 11th day of October, 2007 that the plaintiff's Motion and Amended Motion for Fees (Dkt. Nos. 19 and 22) are granted in that the defendant shall pay an award of attorney fees in the amount of $4,448.00 to plaintiff; the request for payment directly to counsel is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE